UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-62024-JEM/Becerra

KEME CRAIG on behalf of minor
son, R.C.,

    Plaintiff,

v.

FLORIDA HIGHWAY PATROL,
ROBINSON, and UNKNOWN TROOPER,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court upon Plaintiff Keme Craig's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [2]. Because Plaintiff has not paid the filing fee but instead seeks to proceed *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e). For the reasons explained below, the undersigned **RECOMMENDS** that the Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE** and that all pending motions be **DENIED AS MOOT**.

**I.    BACKGROUND**

On October 31, 2022, Plaintiff filed her Complaint in the instant action. ECF No. [1]. The Complaint alleges that on May 21, 2021, R.C., Plaintiff's minor son,[2] was a passenger in a vehicle being pursued by the Florida Highway Patrol. *Id.* at 6. As a result of the pursuit, Plaintiff alleges

---

[1] This case was referred to the undersigned for all pretrial proceedings by the Honorable Jose E. Martinez, United States District Judge. ECF No. [4].

[2] Plaintiff refers to her minor son, R.C. as "Plaintiff" in her Complaint although she initiated this action *pro se* on his behalf. *See* ECF No. [1].

that the vehicle crashed and overturned on the highway, R.C. was partially ejected from the vehicle's window, and an unknown Florida Highway Patrol Trooper vehicle thereafter collided with R.C. *Id.* Plaintiff alleges that the unknown Florida Highway Patrol Trooper "mash [R.C.'s] face with the bumper ram of his vehicle" and "[i]f [R.C.] had just a little more of his head out [of] the window of the over turn[ed] vehicle[,] [t]he de[f]endant unknown Trooper would ha[ve] crushed [R.C.]'s skull." *Id.* Plaintiff does not provide further detail as to the extent of R.C.'s injuries, if any. *Id.* Plaintiff alleges that the unknown Florida Highway Patrol Trooper used "excessive force; acts of stupidity; implying attempted vehicular homicide." *Id.* Plaintiff seeks no compensatory monetary relief, but instead seeks only "punitive damages awarded by the Court [] judgment at trial" for an amount exceeding $1 million[3]; and also states "[t]his case should be investigated by the Broward County State Attorney Office for attempted vehicular homicide, by the unknown trooper." *Id.* at 4, 6. Plaintiff characterizes her claim as one for "8th Amendment – Cruel and Unusual Punishment." *Id.* at 3.

## II.   ANALYSIS

Section 1915 accords litigants "meaningful access to the federal courts" notwithstanding their ability to pay the required filing fee. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that the purpose of the *in forma pauperis* statute is to permit litigants to initiate civil or criminal actions despite their inability to pay the filing fee). Specifically, Section 1915(a)(1) allows litigants to forego the filing fee so long as they submit an affidavit that describes their inability to pay the associated costs. *Id.* If deemed indigent for the purposes of proceeding in the lawsuit, the litigant's filing fees are waived. *Id.* However, Congress recognized that these litigants now "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To

---

[3] The specific amount of punitive damages alleged is illegible in the handwritten Complaint, but does seem to exceed $1 million. ECF No. [1] at 4 ("[illegible]0 million dollars").

prevent these potential abuses, Section 1915(e) provides that the court must dismiss such a case if it determines that the Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Under the Federal Rules of Civil Procedure, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), the pleading does not require "detailed factual allegations" but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, "formulaic recitation of the elements" supported by mere conclusory statements or "naked assertion[s]" are insufficient. *Id.* at 678. In determining whether a complaint fails to state a claim upon which relief may be granted, the court applies the standard set forth in Federal Rule of Civil Procedure 12(b)(6), taking the factual allegations in the Complaint as true and construing them in the light most favorable to the plaintiff. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). Despite affording a pro se complaint the most liberal reading, the court must dismiss a complaint if it finds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

In the Complaint, R.C. is referred to as the sole Plaintiff. ECF No. [1]. However, R.C. is a minor, and the action was filed by his mother, Keme Craig, proceeding *pro se*. *See id.* "[T]he right to proceed *pro se* is an extension of an individual's freedom to manage their case as they choose." *Blum v. Perry*, No. CV419-291, 2020 WL 1978404, at *2 (S.D. Ga. Feb. 13, 2020),

*report and recommendation adopted sub nom. JAY A. BLUM; & A.B. (a minor child), Plaintiffs, v. SALLY HORTAN PERRY, et al., Defendants*, No. 4:19-CV-291, 2020 WL 1974403 (S.D. Ga. Apr. 24, 2020) (citing *Gallo v. United States*, 311 F. Supp. 2d 446, 448–49 (E.D. Va. 2004)). However, "[a]lthough Federal Rule of Civil Procedure 17(c) 'permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel." *Hill v. Dempsey*, No. 4:16CV279-RH/CAS, 2016 WL 3369263, at *1 (N.D. Fla. May 16, 2016), *report and recommendation adopted*, No. 4:16CV279-RH/CAS, 2016 WL 3360502 (N.D. Fla. June 16, 2016) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). In the case of minors, it is "presumed [that they] lack the capacity to intelligently make such choices" so as to proceed *pro se*. *Blum v. Perry*, 2020 WL 1978404, at *2 (citing *Gallo*, 311 F. Supp. 2d at 49). Moreover, a parent who is not an attorney may not file an action on their child's behalf without counsel, and indeed, such a prohibition "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 582.

An action like this one, where a parent attempts to represent their child *pro se,* is subject to dismissal. *FuQua v. Massey*, 615 F. App'x. 611, 613 (11th Cir. 2015) (holding that "the district court properly granted the motion to dismiss because FuQua sought to represent her minor daughter, but, as a non-attorney, she was not permitted to do so") (quoting *Devine*, 121 F.3d at 581). Because R.C., a minor, remains unrepresented, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED.**

### III. RECOMMENDATION

As set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE** and that the Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [2], be **DENIED AS MOOT**.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on January 25, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**